# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION

| | |
|---|---|
| ELIZABETH D. STILES (CLARKE), ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL NO. 3:06CV506 |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER

The United States of America has moved this Court, pursuant to sentence four of 42 U.S.C. §405(g), to enter a judgment reversing the defendant Commissioner's decision with a remand of the cause to the defendant Commissioner for further administrative proceedings.

On remand to the Commissioner, the case will be assigned to an Administrative Law Judge ("ALJ") who will be instructed to obtain evidence from a medical expert to clarify the nature, severity, and effects of Plaintiff's impairments during the relevant period at issue if necessary, see 20 C.F.R. § 404.1527(f) and Social Security Ruling ("SSR") 96-6p, and evaluate Plaintiff's subjective complaints and provide rationale in accordance with the disability regulations pertaining to evaluation of symptoms, see 20 C.F.R. § 404.1529 and SSR 96-7p. The ALJ also will be instructed to give further consideration to Plaintiff's maximum residual functional capacity during the entire period at issue and provide rationale with specific references to evidence of record in support of assessed limitations. SSR 96-8p. In so doing, the ALJ will be instructed to evaluate the treating source opinions pursuant to the provisions of 20 C.F.R.

§ 404.1527 and SSR 96-2p and SSR 96-5p, and the nonexamining source opinions in accordance with the provisions of 20 C.F.R. § 404.1527(f) and SSR 96-6p, and explain the weight given to such opinion evidence. As appropriate, the ALJ may request the treating source to provide additional evidence and/or further clarification of the opinions and medical source statements about what Plaintiff could do despite the impairments through the date last insured. The ALJ may enlist the aid and cooperation of Plaintiff's representative in developing evidence from the treating sources. Finally, if warranted by the expanded record, the ALJ will obtain supplemental evidence from a vocational expert to clarify the effect of the assessed limitations on Plaintiff's occupational base. SSR 83-14. The hypothetical questions should reflect the specific capacity/limitations established by the record as a whole. The ALJ will ask the vocational expert to identify examples of appropriate jobs and to state the incidence of such jobs in the national economy. 20 C.F.R. § 404.1566. Before relying on the vocational expert evidence the ALJ will identify and resolve any conflicts between the occupational evidence provided by the vocational expert and information in the Dictionary of Occupational Titles (DOT) and its companion publication, the Selected Characteristics of Occupations. SSR 00-4p.

Pursuant to the power of this Court to enter a judgment affirming, modifying or reversing the Commissioner's decision with remand in Social Security actions under sentence four of 42 U.S.C. § 405(g), and in light of the Commissioner's assented to request to remand this action for further proceedings, this Court hereby:

**REVERSES** the Commissioner's decision under sentence four of 42 U.S.C. § 405(g) with a remand of the cause to the Commissioner for further proceedings. Melkonyan v. Sullivan, 501 U.S. 89 (1991). The Clerk of the Court will enter a separate judgment pursuant to Rule 58 of

the Federal Rules of Civil Procedure. As there remains no justiciable dispute pending between the parties, upon the Clerk's entry of judgment, the Court's jurisdiction over this case shall terminate except for purposes of consideration and determination of motions for attorneys fees, including any motion for such fees under the Equal Access to Justice Act (EAJA). Plaintiff shall have thirty (30) days from final judgment in which to file any motion for attorneys fees under EAJA in this matter.

Signed: March 13, 2007

Robert J. Conrad, Jr.
Chief United States District Judge